UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZENNO STYLES,<br><br>             Plaintiff,<br><br>     v.<br><br>BILL CLINTON, et al.,<br><br>             Defendants. | 1:08-cv-01976-OWW-SMS<br><br>ORDER DIRECTING PLAINTIFF TO FILE AN APPLICATION TO PROCEED IN FORMA PAUPERIS OR PAY THE FILING FEE NO LATER THAN THIRTY DAYS OF SERVICE OF THIS ORDER<br><br>ORDER DISMISSING THE COMPLAINT WITH LEAVE TO FILE A FIRST AMENDED COMPLAINT NO LATER THAN THIRTY DAYS AFTER THE DATE OF SERVICE OF THIS ORDER<br><br>ORDER DIRECTING THE CLERK TO SEND TO PLAINTIFF BLANK FORMS FOR AN APPLICATION TO PROCEED IN FORMA PAUPERIS AND A CIVIL RIGHTS COMPLAINT FOR A PERSON IN CUSTODY |

   Plaintiff, an inmate of Patton State Hospital, is proceeding pro se with a civil action. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304. Pending before the Court are an application to proceed in forma pauperis and Plaintiff's complaint, both of which were filed on December 29, 2008.

1

I. <u>Application to Proceed in Forma Pauperis</u>

Plaintiff filed an application to proceed in forma pauperis on a standard form for the United States District Court, Central District of California. The name of the Plaintiff on the complaint is Zenno Styles; however, the names of the declarant and of the person signing the application to proceed in forma pauperis, although illegible, are clearly not the same name as that of Plaintiff. It thus appears that someone other than the plaintiff has completed the application. However, it is the party who is the plaintiff who must complete and submit the application.

Further, the application is incomplete; Plaintiff states, for example, that he has cash or money in a bank account and property of value, but he does not state the amount of money held in his account or describe the property and its value; further, he does not state the amount of money reflected in his last tax return. Accordingly, Plaintiff has not shown that he is entitled to proceed in forma pauperis. Further, Plaintiff has not paid the $350.00 filing fee.

Plaintiff will have an opportunity to complete and submit another application, and the Clerk will be directed to send Plaintiff a blank application form.

II. <u>Plaintiff's Complaint</u>

Because Plaintiff is seeking to proceed in forma pauperis, Plaintiff is advised that in a case in which the Plaintiff is proceeding in forma pauperis, the Court is required to screen the complaint and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the

1  action or appeal is frivolous or malicious, fails to state a
2  claim on which relief may be granted, or seeks monetary relief
3  against a defendant who is immune from such relief. 28 U.S.C. §§
4  1915(e)(2), 1915A(a), 1915A(b)(1),(2). The Court will direct the
5  United States Marshal to serve Plaintiff's complaint only after
6  the Court has screened the complaint and determined that it
7  contains cognizable claims for relief against the named
8  defendants.
9       Pursuant to Fed. R. Civ. Proc. 8(a), a complaint must
10 contain "a short and plain statement of the claim showing that
11 the pleader is entitled to relief...." "Such a statement must
12 simply give the defendant fair notice of what the plaintiff's
13 claim is and the grounds upon which it rests." Swierkiewicz v.
14 Sorema N. A., 534 U.S. 506, 512 (2002). Rule 8(a) does not
15 require an elaborate recitation of every fact a plaintiff may
16 ultimately rely upon at trial, but only a statement sufficient to
17 give the defendant fair notice the claim and its grounds. Conley
18 v. Gibson, 355 U.S. 41, 47 (1957).
19      The Court has reviewed Plaintiff's complaint and concludes
20 that Plaintiff proceeds against Bill, Hillary, and Chelsea
21 Clinton. However, Plaintiff's complaint is so incoherent and
22 devoid of facts that the Court cannot determine whether Plaintiff
23 has stated a claim upon which relief might be granted; whether
24 the complaint is frivolous, malicious, or seeks relief against an
25 immune defendant; and whether there are grounds for jurisdiction
26 in this Court.
27      Further, the Court notes that Plaintiff is housed in a
28 hospital that is located in San Bernardino, which in turn is

3

located in the Central District of California. However, Plaintiff has filed his complaint here in the Eastern District of California. Due to the incoherence of the complaint, it is impossible for the Court to determine whether the complaint is correctly filed in this district or should be filed in the Central District, where Plaintiff resides.

In summary, the Court finds it necessary to dismiss the complaint in its entirety. Plaintiff has failed to state a cognizable claim against the defendants and has failed to plead facts demonstrating jurisdiction in this Court. However, it is possible that Plaintiff can allege a set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. Thus, the Court will grant Plaintiff an opportunity to amend the complaint to cure the deficiencies of this complaint. Failure to cure the deficiencies will result in dismissal of this action without leave to amend.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id.

An amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

1  pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll
2  causes of action alleged in an original complaint which are not
3  alleged in an amended complaint are waived." King, 814 F.2d at
4  567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814
5  (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.
6      Accordingly, it IS ORDERED that:
7      1) Plaintiff SHALL FILE a completed application to proceed
8  in forma pauperis or shall pay the $350.00 filing fee no later
9  than thirty days after the date of service of this order; and
10     2) Plaintiff's complaint IS DISMISSED with leave to amend;
11 and
12     3) Plaintiff IS GRANTED thirty days from the date of service
13 of this order to file an amended complaint that complies with the
14 requirements of the pertinent substantive law, the Federal Rules
15 of Civil Procedure, and the Local Rules of Practice; the amended
16 complaint must bear the docket number assigned this case and must
17 be labeled "First Amended Complaint"; Plaintiff IS INFORMED that
18 the failure to file an amended complaint in accordance with this
19 order will be considered to be a failure to comply with an order
20 of the Court pursuant to Local Rule 11-110 and will result in
21 dismissal of this action; further, failure to file an amended
22 complaint that states a claim upon which relief may be granted
23 will be considered to be grounds for dismissing the complaint
24 pursuant to 28 U.S.C. § 1915(e)(2) or 28 U.S.C. § 1915A(b) and
25 will result in dismissal of the action; and
26     4) The Clerk IS DIRECTED to send to Plaintiff with this
27 order a blank application to proceed in forma pauperis for a
28 /////

person in custody and a blank civil rights complaint form for a person in custody.

IT IS SO ORDERED.

**Dated:   January 23, 2009**                    /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE