UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZENNO STYLES,<br><br>        Plaintiff,<br><br>  v.<br><br>BILL CLINTON, et al.,<br><br>        Defendant. | 1:08-cv-1976-OWW-SMS<br><br>FINDINGS AND RECOMMENDATION TO DISMISS ACTION FOR PLAINTIFF'S FAILURE TO PAY THE $350.00 FILING FEE OR FILE AN APPLICATION TO PROCEED IN FORMA PAUPERIS (DOC. 3) |

    Plaintiff is proceeding pro se with an action for damages and other relief concerning alleged civil rights violations. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

    Plaintiff filed the instant action on December 29, 2008, by filing a complaint and an application to proceed in forma pauperis. However, the application was incomplete. On January 26, 2009, the Court directed Plaintiff within thirty days of service either to file a completed application to proceed in forma pauperis or to pay the $350.00 filing fee. The Clerk's proof of service shows that the order, a blank in forma pauperis application, and a blank complaint form were mailed to Plaintiff

1

at the address listed in the docket on January 26, 2009. More than thirty days have passed, and Plaintiff has not paid the filing fee or submitted an application to proceed in forma pauperis.

Further, the order of January 26, 2009, was returned on February 10, 2009, as undeliverable with a notation of not deliverable as addressed and unable to forward. On March 3, 2009, the Court issued an order to Plaintiff to show cause within twenty days why the action should not be dismissed for Plaintiff's failure to pay the filing fee or file a completed application. The order to show cause was served on Plaintiff on the same day by mail, but the mail was again return as not deliverable as addressed and unable to forward.

Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the court informed of his or her current address at all times.  Local Rule 83-183(b) provides, in pertinent part:

> If mail directed to a plaintiff <u>in propria persona</u> by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Local Rule 83-182(f) provides that absent a notice of change of address, service of documents at the prior address of a party or an attorney shall be fully effective. Thus, the service described above was fully effective.

Local Rule 11-110 provides that "...failure of counsel or of a party to comply with these Local Rules or with any order of the

2

Court may be grounds for the imposition by the Court of any and all sanctions... within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate...dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson,

779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In this case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as the case has been pending since December 2008. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- the public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's order requiring Plaintiff to file a completed application or pay the filing fee expressly stated that a failure of Plaintiff to pay the filing or submit an application within thirty days would be considered to be a failure to comply with an order of the Court pursuant to Local Rule 11-110, and the action might be dismissed. (Order at p. 5, ¶ 3.) Thus, Plaintiff received adequate warning that dismissal would result from his noncompliance with the Court's order.

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED, without prejudice, pursuant to Local Rule 11-110 for Plaintiff's failure to comply with the Court's order to file a completed application to proceed in forma pauperis or to pay the

4

filing fee.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   April 8, 2009**             /s/ Sandra M. Snyder
                                       UNITED STATES MAGISTRATE JUDGE